**Ronald Giovanni CONTRERAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71515.
Agency No. A72–509–773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Dec. 11, 2003.

Judith L. Wood, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan K. Houser, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, Jennifer A. Parker, Office of Immigration Litigation, Terri J. Scadron, DOJ–

U.S. Department of Justice, Civil Div./Office of Immigration Lit., for Respondent.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Ronald Giovanni Contreras, a native and citizen of Guatemala, petitions for review of a final decision by the Board of Immigration Appeals ("BIA"). The BIA affirmed, without opinion, the decision of the immigration judge ("IJ") denying Contreras's application for asylum and withholding of deportation. We deny the petition for review. Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

We review the IJ's factual findings for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We uphold the findings unless a reasonable fact finder would be compelled to find in Contreras's favor. *See Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000).

■ An asylum applicant demonstrates a well-founded fear of persecution based on past persecution by showing "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir.2003) (quoting *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000)). Applicants may rely upon the cumulative effect of several incidents which would not rise to the level of persecution if considered individually. *See Navas,* 217 F.3d at 656 n. 9. In this case, the evidence presented by Contreras does not compel a reasonable fact finder to find a well-founded fear of persecution.

First, none of the evidence in the record suggests that Contreras suffered persecution on account of his ethnicity or indigenous heritage.

Second, Contreras's brother, who participated in the same school project, continues to live in Guatemala and has suffered no persecution for his involvement in that project. *See Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000) ("This court has allowed ongoing family safety to mitigate a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk."). Although Contreras testified that his aunt told him that his other brother had recently been cut with a knife after participating in a demonstration, there is no evidence as to who hurt him and why.

■ Third, the IJ understandably found that the anonymous letters established neither past persecution nor a well-founded fear of future persecution. The source of the letters was never identified, none of the threats was ever carried out, the letters abruptly stopped, and no further threats were made after 1987. *See id.* at 936 (unfulfilled threats alone, in most cases, will not compel a finding of past persecution). From the record, it is difficult to see any relationship between the letters received over a period of approximately two weeks in 1986–87 and any well-founded fear of persecution in 1991, when Contreras left Guatemala.

■ Finally, the disappearance of Contreras's two co-demonstrators after the parade does not suffice to prove Contreras suffered past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1017 (9th Cir.2003) (although evidence of persecution of

friends and relatives may establish a well-founded fear of future persecution, it does not compel a finding of past persecution). The IJ found it difficult to identify Contreras from the photographs in which he is allegedly posing with his friends, because the people are disguised. Contreras, for example, has his face painted and is wearing dark glasses. Further, no evidence suggests that the government had, has, or will have any interest in finding Contreras to persecute him for participating in the demonstration. Moreover, Contreras testified that none of the remaining co-demonstrators has, so far as he is aware, been harmed in the years since. Under these circumstances, the IJ was not compelled to find a well-founded fear of persecution, absent past persecution.

Contreras failed to demonstrate that any of the above facts individually, or all of them cumulatively, compel a reasonable fact finder to rule in his favor. By failing to qualify for asylum, Contreras necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.